UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HARRY STINSON and
DONNA STINSON,

                Plaintiff,

        -vs-                                         14-CV-999-JTC

LHR, INC.,

                Defendant.

## INTRODUCTION

On November 28, 2014, plaintiffs Harry and Donna Stinson filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.* Defendant LHR, Inc. failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on July 30, 2015. Item 6. Presently before the court is plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Item 8. For the following reasons, the plaintiffs' motion is granted.

## DISCUSSION

**1.    Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint establishing the defendant's liability are accepted as true, except for those relating to the amount of

damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation."  *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.     Liability**

As set forth in the complaint, the facts are relatively straightforward.  At all times relative to the claims asserted, defendant LHR, Inc. was acting in the capacity of a business entity or person engaged in the business of debt collection, within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector").  Plaintiffs allege that, in the 12 months prior to the filing of the complaint, the plaintiffs received "constant and continuous calls" from the defendant.  A representative of the defendant informed plaintiff Harry Stinson that, although the alleged debt was incurred by his wife, plaintiff Donna Stinson, Harry Stinson was responsible for the debt as well.  In subsequent calls, both plaintiffs were threatened with wage garnishment and liens.  Plaintiffs allege that the debt may date back to 2008 and be beyond the statute of limitations.  They further allege that they have

2

received nothing in writing from defendant regarding the alleged debt. Item 1, ¶¶ 7-23.[1]

Accordingly, for the purposes of this motion, plaintiffs have sufficiently alleged facts to establish defendant's liability under the FDCPA.

**3.     Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional. *See* 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically reserved for cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint (including, among other things, numerous telephone

---

[1] Specifically, plaintiff alleges that defendant's debt collection activity violated sections 1692d (engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt); 1692d(5) (causing a telephone to ring or engaging any person in conversation repeatedly or continuously); 1692e (using false, deceptive, or misleading representations or means in connection with the collection of a debt); 1692e(4) (threatening garnishment or attechment when such action is not lawful or intended); 1692e(5) (threatening any action that cannot legally be taken or is not intended to be taken); 1692e(10) (prohibiting the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer); 1692e(12) (falsely representing that the debt has been turned over to innocent purchasers for value); 1692f (using unfair or unconscionable means to collect or attempt to collect a debt); and 1692g (requiring proper written notice within five days of the initial communication).

3

calls that threatened wage garnishment and lien proceedings, and other false statements regarding plaintiff Harry Stinson's responsibility for the debt of Donna Stinson).

While plaintiffs complained of multiple telephone messages, they have not specified in their complaint the frequency of these calls or the duration of the time period in which they occurred. Accordingly, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4.      **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific

variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiffs' counsel has submitted documentation showing that he worked a total of 11.80 hours on the case, for which compensation is sought at a rate of $425 per hour. Item 8-9. The court finds the number of attorney hours expended on the case to be reasonable, but the requested hourly rate excessive, compared to the prevailing market rates in this district for FDCPA cases. *See, e.g., Ortez v. First Asset Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (granting motion for default judgment and awarding fees at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (same); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Based upon its review of these and other FDCPA cases litigated in the Western District of New York, the court finds that the prevailing local hourly rate of $250 for

experienced attorneys provides a reasonable basis for calculation of the award of fees in this case. Accordingly, the court awards attorney's fees in the amount of $2950.00 (11.80 hrs. @ $250.00/hr). The court also grants plaintiff's request for an award of $440.00 in costs.

## **CONCLUSION**

Based on the foregoing, plaintiffs' motion for default judgment (Item 8) is GRANTED. Plaintiffs are awarded $500.00 for defendant's violations of the FDCPA, $2950.00 in attorney's fees, and $440.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\_\_\_\_\_\s\ John T. Curtin\_\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated: September 16, 2015